"3.530. When it comes to the attention of the Board that any person who has been disbarred, or who has been suspended from practice and whose period of suspension has not expired, is undertaking directly or indirectly to practice law, the matter shall be referred to the President of the Board's committee on unauthorized practice of law or such other appropriate committee as may be provided for in the By-Laws or appointed by the President. * * *."

"3.560. Any member of the Association who has been disbarred or who has been suspended from practice for any cause other than failure to pay dues may apply for reinstatement. All applications for reinstatement, whether the applicant has been disbarred and whether or not, if suspended, his time of suspension has elapsed, shall be made in writing to the Court, and shall contain the information required to be contained in an application made under RCA 3.550, * * *."

It is apparent at once that there is some confusion in these Rules. They should and will be redrafted, with the view of removing the inconsistency. Under the circumstances we think the Board of Bar Commissioners properly recommended that Mr. Allen be reinstated to the practice of law, and it is so ordered. He should not be censured for having engaged in the practice of law after June 25, 1949, the date his period of suspension ended. Therefore, this order shall be construed as becoming effective June 26, 1949.

Howard COLE v. COMMONWEALTH of Kentucky.

December 15, 1950.

John G. Prather for movant.

A. E. Funk, Attorney General, and Wm. F. Simpson, Assistant Attorney General, opposed.

PER CURIAM.

Appeal denied. Judgment affirmed.